**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191

Counsel for Plaintiff, the Aggrieved Employees and the Class

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MILLER, individually and on behalf of all others similarly situated, | Case No: 5:19-cv-02114-LHK |
| Plaintiff, | **CLASS ACTION** |
| v. | **DECLARATION OF JAMES M. TREGLIO, ESQ., IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |
| RP ON-SITE, LLC, a Delaware Limited Liability Company with its principal place of business in California, and DOES 1 to 100, inclusive | |
| Defendants. | Hearing |
| | Date: November 19, 2020 |
| | Time: 1:30 p.m. |
| | Courtroom: 8 |
| | Judge: Hon. Judge Lucy H. Koh |

I, James M. Treglio, declare as follows:

1. I am an attorney at law duly authorized to practice law in the State of California. I am the lead attorney of the class action division for the law firm of Potter Handy, LLP, counsel for Plaintiff Brian Miller ("Plaintiff"). I have personal knowledge of the following facts and if called upon as a witness I could and would competently testify to the matters stated herein.

2. This declaration is made in support of Plaintiff's motion pursuant to Federal Rule of Civil Procedure 23, for an order certifying Plaintiff's First Cause of Action for failure to (1) provide consumer reports with inaccurate information in violation of Fair Credit Reporting Act 15 U.S.C. §

Declaration of James M. Treglio, Esq.                                    CV- 19-2114-LHK

1681e(b); (2) reporting antedated adverse information in violation of 15 U.S.C. § 1681c(a), and are representative actions that do not require certification under Rule 23. *Alcantar v. Hobart Serv.,* No. ED CV 11-1600 PSG, 2013 WL 146323, at \*3 (C.D. Cal. Jan. 14, 2013); *Zayers v. Kiewit Infrastructure W. Co.,* No. 16CV06405PSGPJW, 2017 WL 7058141, at \*8 (C.D. Cal. Nov. 9, 2017), *on reconsideration in part sub nom. Zayerz v. Kiewit Infrastructure W.,* No. 16-CV-6405-PSG (PJW), 2018 WL 582318 (C.D. Cal. Jan. 18, 2018).

3.     In his motion, Plaintiff respectfully requests the Court certify the following Classes:

> All natural persons with an address in the United States and its Territories about whom, from April 19, 2017 and continuing through the resolution of this action, Defendants prepared a consumer report which included information regarding one or more criminal case which had been expunged, sealed, or otherwise removed from public dissemination at the time the report was prepared. ("The Expungement Class")

> All natural persons with an address in the United States and its Territories about whom, from April 19, 2017 continuing through the resolution of this action, Defendants prepared a consumer report which included information regarding one or more administrative action undertaken by a department of corrections which Defendants reported as a "felony conviction." ("The Disciplinary Infraction Class")

> All natural persons with an address in the United States and its Territories who were subjects of tenant screening reports created by Defendants from April 19, 2017 and continuing through the resolution of this action, that contained adverse information other than convictions (including criminal cases that had been expunged, sealed, set aside, or dismissed) that preceded the report by more than seven years. ("The Antedated Report Class")

**PROCEDURAL HISTORY**

4.     This class action arises from Defendant RP On-Site, LLC's violations of the Fair Credit Reporting Act ("FCRA") alleged in the Complaint on behalf of Plaintiff, the State of California and all others similarly situated current and former employees of Defendants, seeking statutory and punitive damages, civil penalties, and interest, as well as reasonable attorney's fees and costs of this litigation.

5.     On-Site, a wholly owned subsidiary of RealPage, Inc., is a consumer reporting agency which specializes in consumer reports for the real estate industry. In November of 2018, Plaintiff Brian Miller applied for housing with his wife and family at Indigo Lofts, located in Mesa, Arizona.

As part of his application process, Brian Miller underwent a consumer report by the Defendant. That consumer report stated that Miller had over 29 felony convictions for a variety of crimes, including sexual harassment. The Report issued by On-Site was so bad that manager of the apartment complex Miller applied to meet privately with Miller's wife and asked if she should still be married to Miller. As a result of the items contained in the Report, Brian Miller's application for housing was turned down, and he suffered a loss of reputation in his community.

6.     However, the Report itself was incorrect in several respects. First, while Brian Miller had been convicted of felonies in the State of Arizona, all of those convictions had been set aside under Arizona law. The other 26 "felony convictions" as reported by On-Site in Exhibit 3 were not, in fact, felony convictions at all. Rather, they were disciplinary records from the Arizona Department of Corrections. And indeed, at no time in prison was Brian Miller charged with a crime by a District Attorney, indicted by a grand jury, or tried before a judge or a jury for any of these "felony convictions."

7.     Yet, as Defendant's corporate designee testified, there was nothing unusual about Miller's consumer report, and the Report was issued in compliance with On-Site's guidelines to both Miller and to the housing provider. The reason is that On-Site regularly reports disciplinary infractions from departments of corrections as felony convictions.

8.     As a result of the loss of housing, Brian Miller submitted a dispute to On-Site in an effort to clear his name. If the consumer wishes to dispute items in their report, they may do so electronically, or contact On-Site directly. It is at that point where On-Site personnel will actually review the report to determine if the items in the report are accurate. On January 8, 2019, some sixty days after the dispute was initiated, On-Site completed the dispute process, determining that twenty-eight of its reported infractions were inaccurate.

9.     On April 19, 2019, Plaintiff filed his complaint in the Northern District of California. Case No. 5:19-cv-02114-LHK. In his complaint, Plaintiff alleges that Defendants violated the Fair Credit Reporting Act in their (1) providing consumer reports with inaccurate information in violation

Declaration of James M. Treglio, Esq.                                      CV- 19-2114-LHK

of 15 U.S.C. § 1681e(b); (2) reporting antedated adverse information in violation of 15 U.S.C. § 1681c(a) ; (Complaint at ¶¶ 1, 20-70)..

10.     On May 13, 2019, Defendant filed Stipulation for Extension of Time to Respond to Plaintiff's Complaint. (Dkt. No. 17).

11.     On July 24, 2019, in the Court's scheduling order, the Court set September 7, 2020 as the date by which Plaintiff is to file her motion for class certification. (Dkt. No. 48).

**QUALIFICATIONS OF COUNSEL**

12.     I was admitted to the California Bar in 2003.  I received my Bachelor of Arts degree in Government from College of William & Mary in 1998 and my Juris Doctor degree from the University of San Diego in 2003. From 2003 through 2006, I was the staff attorney for the Fair Housing Council of San Diego, where I specialized in housing discrimination enforcement. In 2007, I joined the law firm of Clark & Markham, LLP, where I specialized in consumer and wage and hour class actions, which has comprised my practice of law ever since. In 2012, the law firm of Clark & Markham, LLP into the Clark Law Firm and the Markham Law Firm. I stayed with the Clark Law Firm, and in 2015, the firm became Clark & Treglio after I was made partner. By 2013, my work with the Clark Law Firm, Clark & Markham, LLP, and Clark & Treglio resulted in nearly 5% of all recoveries made by the LWDA up to that point.

13.     In 2017, I joined Keegan & Baker, LLP, which was also a class action firm. Whereas my work at Clark & Markham, LLP and the Clark Law Firm was primarily focused on wage and hour class actions, my work at Keegan & Baker, LLP involved more consumer actions, including data breach class actions, and actions brought under the Fair Credit Reporting Act.

14.     In 2018, I left Keegan & Baker, LLP and joined the Melmed Law Group, P.C. The Melmed Law Group, P.C., is an employment law firm with a focus on class and PAGA representative actions. I began my representation of the Plaintiff in this action when I was employed by the Melmed Law Group, P.C.

Declaration of James M. Treglio, Esq.                                    CV- 19-2114-LHK

15.     In 2019, I joined my current firm, Potter Handy, LLP, to become head of its new class action division. In that capacity, I litigate both consumer and employment class actions throughout the State of California.

16.     Since 2007, I have specialized in complex wage and hour and consumer class action litigation. I have been involved in every stage of class action litigation as both a lead counsel, the lead and primary associate, and as co-counsel. A summary of my experience, including representative class action litigation is attached hereto at **Exhibit A**.

17.     In connection with these prior class actions, I have conducted discovery, argued motions, drafted pleadings, drafted class notices, drafted appellate briefs, examined witnesses, represented class members at settlement conferences and mediations, deposed defendants and third party witnesses, defended class representative depositions and participated in final disposition hearings.  I have also tried PAGA representative actions.

18.     I do not have a pre-existing business, personal, social, familial or financial relationship with Plaintiff and have never represented Plaintiff before this case. I have no conflicts of interest with the Class or with Plaintiff. I am not related to the Plaintiff. I have not previously represented any of Defendants in any matter. I know of no other known pending actions similar to this action. There are no opposing factions within the Class and I do not represent opposing factions within the Class in that all claims are predicated upon the same theories of liability and benefit all class members equally. I have personally worked with Plaintiff, formulated legal theories and strategies, drafted pleadings, prepared and answered discovery, and interviewed witnesses and I have taken the depositions of Defendants' witness, Manjit Sohal.

**LIST OF EXHIBITS**

19.     True and correct copies of following described documents are, as indicated, (1) attached hereto as the following exhibits. For the convenience of the parties and the Court, documents previously marked as number exhibits in witness depositions previously taken in this litigation have been used. All other documents are marked as alphabetical exhibits. The following described documents are referred to in Plaintiff's accompanying memorandum.

Declaration of James M. Treglio, Esq.                                      CV- 19-2114-LHK

**Exhibit A**:  The Potter Handy, LLP Class Action Firm Resume.

**Exhibit B**:  A true and correct copy of the Deposition Transcript of Manjit Sohal, taken on August 19, 2020 via Zoom call. This document is subject to the Parties Stipulated Protective Order and will be filed under seal.

**Exhibit 1**:  A true and correct copy of the Notice of Rule 30(b)(6) deposition of RP On-Site, LLC.

**Exhibit 2**:  A true and correct copy of Defendant RP On-Site LLC's Objections to Plaintiff's 30(b)(6) Notice of Deposition.

**Exhibit 3**:  A true and correct copy of Rental Report for Brian Miller as created by the Defendant on November 5, 2018. This document is attached to the Declaration of Brian Miller.

**Exhibit 4**:  A true and correct copy of Lease Summary Details for Heather Miller and Brian Miller. This document is subject to the Parties Stipulated Protective Order and will be filed under seal.

**Exhibit 5**:  A true and correct copy of Screening Details of Brian Miller. This document is subject to the Parties Stipulated Protective Order and will be filed under seal.

**Exhibit 6**:  A true and correct copy of On-Site Renter Relations, Document Review, Approval date January 2, 2018, This document is subject to the Parties Stipulated Protective Order and will be filed under seal.

**Exhibit 7**:  A true and correct copy of RealPage On-Site - Criminal Screening. This document is subject to the Parties Stipulated Protective Order and will be filed under seal.

**Exhibit 8**:  A true and correct copy of Renter Relations Edit, Criminal Dispute #101251. This document is subject to the Parties Stipulated Protective Order and will be filed under seal.

**Exhibit 9**:  A true and correct copy of Renter Relations Edit, Criminal Dispute

Declaration of James M. Treglio, Esq.                                        CV- 19-2114-LHK

1  #101252. This document is subject to the Parties Stipulated Protective

2  Order and will be filed under seal.

3  **Exhibit 10**:  A true and correct copy of Renter Relations Edit, Criminal Dispute

4  #1012523. This document is subject to the Parties Stipulated Protective

5  Order and will be filed under seal.

6  **Exhibit 11**:  A true and correct copy of RealPage On-Site Submitting a Rental

7  This document is subject to the Parties Stipulated Protective Order and

8  will be filed under seal.

9  **Exhibit 12:**  A true and correct copy of the Court records related to Brian Miller's

10  1996 Felony Conviction, indicating a set aside order had been entered.

11  Attached to Plaintiff's Request for Judicial Notice.

12  **Exhibit 13**:  A true and correct copy of the Court records related to Brian Miller's

13  1996 Felony Conviction, indicating a set aside order had been entered.

14  Attached to Plaintiff's Request for Judicial Notice.

15  **Exhibit 14**:  Department Order Manual of Arizona Department of Corrections.

16  Attached to Plaintiff's Request for Judicial Notice.

17  **Exhibit 15**:  Adjustment Procedures and Programs for Kentucky Department of

18  Corrections.  Attached to Plaintiff's Request for Judicial Notice

19  **Exhibit 16**:  Inmate Information Handbook of Federal Bureau of Prisons. Attached

20  to Plaintiff's Request for Judicial Notice.

21  **Exhibit 17**:  Arizona Prisoner Record. Name and identifying information redacted.

22  Attached to Plaintiff's Request for Judicial Notice

23  **Exhibit 18**:  South Carolina Prisoner Record. Name and identifying information

24  redacted. Attached to Plaintiff's Request for Judicial Notice

25  20.  As an attorney with Potter Handy, LLP, and the head of its class action division, I am

26  completely familiar with my firm's file-keeping procedures. All of the exhibits referenced in

-7-

Declaration of James M. Treglio, Esq.                    CV- 19-2114-LHK

proceeding paragraphs are true and correct copies taken directly from my firm's files in relation to this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration is executed this 4th day of September, 2020 in San Diego, California.

___/s/James M. Treglio_____

James M. Treglio

Declaration of James M. Treglio, Esq.                                         CV- 19-2114-LHK

# Exhibit A



# POTTER HANDY, LLP
## A Law Firm

8033 Linda Vista Road, Suite 200
San Diego, CA 92111

Jim Treglio, Esq.
JimT@potterhandy.com
Phone: (858) 375-7385
Fax: (888) 422-5191

**James M. Treglio, Head of Class Action Division**

**Practice Areas**: Consumer Class Actions, False Advertising, Unfair Competition, Wage and Hour Litigation, Background Check Cases, Data Breaches, Unlawful Recordings, Confidentiality of Medical Information Act, PAGA Representative Actions, Housing Discrimination
Admitted: 2003, California

**Biography**: Staff Attorney, Fair Housing Council of San Diego, 2003 – 2006, Associate, Clark & Markham LLP, 2006 to 2012, Associate Clark Law Firm 2012-2015, Partner, Clark & Treglio, 2015-2016, Associate, Keegan & Baker, LLP 2016-2018, Associate, Melmed Law Firm, P.C., 2018-2019, Head Attorney, Class Action Division, Potter Handy, LLP, ; Lecturer – Fair Housing Laws and Litigation Conference 2006.

**Education**: College of William and Mary (B.A., 1998), University of San Diego (J.D. 2003)

**Reported Cases:** *Steroid Hormone Product Cases*, 181 Cal.App.4th 145 (2010); *Mendoza v. Nordstrom, Inc.,* 2 Cal.5th 1074 (2017); *James Cunha v. Intellicheck, LLC, et al.,* 254 F.Supp.3d 1124 (N.D. Cal. 2017); *Brinkley v. Monterey Financial Services, Inc.* 873 F.3d 1118 (9th Cir. 2017).

## Class Action Experience

Aguilera v. Eagle Systems International, d/b/a Synergy Companies (Lead) - Settled
Alameda County Superior Court, Case No. RG14742927
Nature of the Case: Unfair Competition- Failure to Pay Wages, Failure to Pay Overtime Compensation, Failure to Reimburse for Business Expenses, Failure to Provide Waiting Time Penalties, Failure to Provide Meal and Rest Breaks, Unfair Competition

Alvarado v. Lewis Operating Co. (Co-Counsel) - In Litigation
Sacramento Superior Court, Case No. 34-2014-00159707
Nature of the Case: Unfair Competition- Failure to Pay Wages Owed, Unfair Competition, PAGA

Anderson v. Oracle Corporation (Co-counsel) – Settled
San Mateo Superior Court, Case No. CIV469916
Nature of Case: Unfair Competition – Overtime, Meal and Rest Breaks

<u>Andreas v. Lowe's HIW, Inc</u>. (Lead associate) – Settled
United States District Court for the District of Nevada, Case No. 3:07-CV-253
Nature of the Case: Unpaid Overtime

<u>In Re Androstendiol Cases</u> (lead associate) – Settled
Los Angeles Superior Court, JCCP 4363,
Nature of the Case: Unfair Competition-: Deceptive Advertising, CLRA, Unfair
Competition Law

<u>Arellano v. Kellermeyer</u> (lead) - Settled
United States District Court for the Southern District of California, Case No. No. 13–cv–
00533–BAS (BGS)
Nature of the Case: Unfair Competition- Unpaid Overtime, Meal and Rest Breaks,
Failure to Itemize Wage Statements, Waiting Time Penalties

<u>Bello v. Proctor & Gamble</u> (lead) - Settled
United States District Court for the Central District of California, Case No. 8:12-cv-
01583
Nature of Case: Unfair Competition, Unpaid Meal and Rest Breaks, Failure to Reimburse
Business Expenses

<u>Bennie v. Lowe's HIW, Inc</u>. (Lead) – Settled
United States District Court for the Central District of California, SACV08-00576 DOC
Nature of the Case: Unfair Competition – Failure to Provide a Day of Rest

<u>Bloomquist v. Covance, Inc.</u> (Associate) – In Litigation
San Diego Superior Court, Case No. 37-2016-00026455-CU-OE-CTL
Nature of Case: Misclassification of clinical research associates, unpaid overtime, missed
meal and rest periods, unitemized wage statements

<u>Brinkley v. Monterey Financial Services, Inc</u>. – In Litigation
United States District Court, Southern District of California, Case No. 16-cv-1103-WQH-
WVG
Nature of Case: Unlawful recording of phone calls

<u>Bulisco v. Mosaic Solutions</u> (Associate) - Settled
Orange County Superior Court, Case No. 30-2011-00047600-CU-OE-CXC
Nature of the Case: Unfair Competition- Failure to Pay Wages Owed, Provide Meal and
Rest Breaks, Failure to Itemize Wage Statements, Failure to Reimburse for Business
Expenses, Split Shifts, Timely Pay Upon Termination.

<u>Cunha, et al., v. Intellicheck, et al.</u> (Lead Associate) - Settled
United States District Court, Northern District of California, Case No.17–cv–00597–JST
Nature of Case: FCRA Violations connected with background checks.

<u>Cohen v. Lowes HIW, Inc.</u> (Lead Associate) - Settled

United States District Court, Central District of California, SACV 10-00425-CJC (MLGx)
Nature of Case: Unfair Competition- Failure to Itemize Wage Statements, Unlawful Deductions

Cones v. Parexel International Corporation (Lead Associate) -- Settled
United States District Court, Southern District of California, Case No. 16cv3084 L (BGS)
Nature of Case: Unfair Competition: misclassification as salaried employees, overtime, meal periods, rest periods, wage statements.

Connell v. Sun Microsystems, Inc. (Co-Counsel) – Settled
Alameda Superior Court, RG06252310
Nature of Case: Unfair Competition – Unpaid overtime related to misclassification as salaried employees, unpaid overtime, meal periods, rest periods, etc.

Contreras v. Bank of America, N.A., (Lead Associate) - Settled
San Francisco Superior Court, Case No. CGC-07-467749
Nature of Case: Unfair Competition- Failure to Pay Overtime, Unreimbursed Business Expenses

Corona v. Airtouch Wireless d/b/a Verizon Wireless (Lead) - Settled
Los Angeles Superior Court, Case No. BC467679
Nature of the Case: Unfair Competition, Unpaid Wages and Vacation Time

Cota v. Countrywide Securities, et al. (Lead Associate) – Settled
Los Angeles County Superior Court, BC388005
Nature of Case: Unfair Competition – Overtime, Meal and Rest Breaks

Decarr v. Harvest Management (Associate) - Settled
Santa Clara Superior Court, Case No. 109CV153466
Nature of Case: Unfair Competition- Unpaid Overtime and Meal And Rest Breaks

Del Valle v. LA Fitness (Lead Associate) - Settled
Los Angeles Superior Court, Case No. BC438654
Nature of Case: Unfair Competition- Failure to Pay Overtime, Meal and Rest Breaks, Reimburse Expenses, Split Shifts

Estrella v. Freedom Debt Relief (Associate) – Settled
United States District Court for the Central District of California, Case No. CV 09–03156 SI
Nature of Case: Unfair Competition – Unlawful Business Practices

Evans v. Walmart (Co-Counsel)- Settled
United States District Court, District of Nevada, Case No. 2:10-CV-1224-JCM-JCL
Nature of Case: Unfair Competition- Failure to Pay Overtime

Fjeld v. Penske (Lead) - Settled
United States District Court for the Central District of California, Case No. No. CV 12–
3500–GHK (JCGx).
Nature of the Case: Unfair Competition- Unpaid Wages, Overtime, Meal and Rest
Breaks, and to Itemize Pay

Fontes v. Heritage Propane (Lead) - Settled
United Stated District Court, Southern District of California, Case No.: 14cv1413-MMA
(NLS).: 14cv1413-MMA (NLS)
Nature of the Case: False Advertising, Unfair Competition

Friedlander v. Hot Topic (Lead) -Settled
Los Angeles Superior Court, Case No. BC520319
Nature of the Case: Failure to Reimburse Business Expenses, Failure to Provide Meal and
RestPeriods, Failure to Pay Overtime, Unfair Competition

Fuzell v. Hallmark Marketing Corporation (Co-Counsel) – Settled
United States District Court, Central District of California, Case No. CV08-04342 VBF
(Ex)
Nature of Case: Unfair Competition – Unpaid time, Unreimbursed Expenses

Gandara v. Nestle Purina (Co-Counsel) - Settled
United States District Court, Northern District of Illinois, Case No. 1:12-cv-02871
Nature of the Case: Unfair Competition, Consumers Legal Remedies Act

Gutierrez v. Johnson & Johnson (Lead) – In Litigation
United States District Court, Southern District of California, Case No. 3:19-cv-01345-
DMS-AGS
Nature of Case: Unfair competition, false advertising, CLRA.

Gruender v. First American Title Company (Lead Associate) – Settled
Orange County Superior Court, Case No. 06CC00197
Nature of Case: Unfair Competition – Overtime, Meal and Rest Breaks

Guy v. Toys R Us, Inc., et al., (Lead Associate) – In Bankruptcy
United States District Court, Southern District of California, Case No.: 16-CV-2224-
AJB-JMA
Nature of the Case: Unreimbursed business expenses, unpaid vacation time upon termination,
unfair competition, PAGA.

Harrington v. Professional Security Consultants (Lead) -Settled
Los Angeles Superior Court, BC538101
Nature of the Case: Failure to Pay Waged Owed, Unfair Competition, PAGA

<u>Hill v. Chicos, Inc.,</u> (Lead) - Settled
San Mateo Superior Court, Case No. CIV 522758
Nature of Case: Unfair Competition- Failure to Reimburse Business Expenses

<u>Johnson v. Metlife</u> (Co-Counsel)- Settled
United States District Court, for the Central District of California, Case No. SACV 13-128-JLS (RNBx)
Nature of the Case: Unfair Competition, Unpaid Wages, Overtime, Meal and Rest Breaks

<u>Jones v. Wal-Mart</u> (Co-Counsel)- Settled
United States District Court, Central District of California, Case No. SACV 13–128–JLS (RNBx).
Nature of the Case: Unfair Competition, Failure to Pay Wages Owed, Overtime, and to Itemize Pay Statements

<u>Lizarraga v. CBC Restaurant Corp.</u> (Lead Associate) - Settled
Orange County Superior Court, Case No. 30-2008-00233464
Nature of Case: Unfair Competition- Overtime, Meal and Rest Breaks

<u>Mendoza v. Nordstrom</u> (Lead) - Settled
United States District Court, Central District of California, Case No.: SACV 10–00109–CJC(MLGx)
Nature of Case: Unfair Competition- Working 7 or More Consecutive Days, Split Shifts

<u>Miller v. RP On-Site, LLC, et al.</u> (Lead) – In Litigation
United States District Court, Northern District of California, Case No.5:19-cv-02114-LHK
Nature of Case: Unfair Competition – Background Checks

<u>Miller v. Wellpoint Companies, Inc</u>. (Associate) – Settled
United State District Court, Central District of California, Case No. 09-5666 GW (RCX)
Nature of Case: Payment by way of out-of-state checks.

<u>Minor v. Barnes & Noble, Inc.</u> (Lead Associate) - Settled
Alameda County Superior Court, Case No. RG09450216
Nature of Case: Unfair Competition- PAGA Claim for Paying With Out of State Check

<u>Mitre v. Smart & Final</u> (Lead) - Settled
Santa Clara Superior Court, Case No. 113CV241954
Nature of the Case: Unfair Competition, Failure to Reimburse Business Expenses

<u>Murry v. Kellogg Sales Company</u> (Lead) - Settled
Los Angeles Superior Court, Case No. BC411211
Nature of Case: Unfair Competition- Misclassification, Certified for Unitemized Wage Statements

<u>Owen v. Robinson's May</u> (Lead Associate) – Settled
Los Angeles County Superior Court, Case No. BC355629
Nature of the Case: Unfair Competition – Failure to Pay Vacation Accrued

<u>Padilla v. Kraft Foods Global, Inc.</u>, (Lead Associate) – Settled
Orange County Superior Court, 07CC00009
Nature of Case: Unfair Competition – Overtime, Meal and Rest Breaks

<u>Pearce v. SBC Advanced Solutions, Inc.</u>, (Lead Associate) – Settled
United States District Court, Central District of California Case No. 8:07-cv-00450
Nature of Case: Unfair Competition – Overtime, Meal and Rest Breaks

<u>Ramirez v. Wells Fargo N.A.</u>, (Co-Counsel)-Settled
Alameda County Superior Court, Case No. RG1046146
Nature of Case: Unfair Competition- Overtime, Meal and Rest Breaks, Off the Clock

<u>Richie v. Blue Shield</u> (Lead) - Settled
United States District Court, Northern District of California, Case No. C-13-2693
Nature of the Case: Failure to Reimburse Business Expenses, Failure to Pay Overtime
Compensation, Unfair Competition

<u>Rondone v. Orchard Supply Hardware Stores Corporation</u> (Associate) - Settled
Santa Clara Superior Court, Case No. 110CV164041
Nature of Case: Unfair Competition- Failure to Pay Overtime and Meal and Rest Breaks

<u>Rose v. Lincare, Inc.</u>, (Co-Counsel) - Settled
San Francisco Superior Court, Case No. CGC07-465052
Nature of Case: Unfair Competition- Overtime, Meal and Rest Breaks

<u>Rosenloev v. 24 Hour Fitness</u> (Lead) - Settled
Orange County Superior Court, Case No. 30–2009–00180140
Nature of Case: Unfair Competition- Split Shifts, Commission Theft, Failure to pay
Missed Meal, Periods, Off the Clock

<u>Santana, et al., v. Rady Children's Hospital-San Diego</u>, (Lead Associate) – Settled
San Diego Superior Court, Case No. 37-2014-00022411-CU-MT-CTL
Nature of Case: Unfair Competition – Disclosure of medical information

<u>Schwegmann, et al., v. Hill's Pet Nutrition, et al.</u> (Co-Counsel) – In Litigation
United States District Court, District of Kansas, Case No. 2:19-cv-02149-JAR-TJJ, MDL
2887
Nature of Case: Unfair Competition/CLRA – Sale of pet food containing too much or too
little vitamin D.

<u>Scott v. Pro's Choice Beauty</u> (Lead Associate) – Settled
United States District Court, Northern District of California, Case No. 3:2008-cv-04697
Nature of Case: Unfair Competition – Unpaid time, Unreimbursed Expenses

<u>Sparks v. ADP</u> (Lead Associate) – Settled
United States District Court, Central District of California, Case No. 2:2007-cv-03203
Nature of Case: Unfair Competition – Overtime, Meal and Rest Breaks

<u>Stoba v. Saveology, LLC,</u> (Lead Associate) – Settled
United States District Court, Case No. 13cv2925 BAS (NLS)
Nature of Case: Unlawful recording

<u>Stowe v. The Pep Boys Manny Moe & Jack of California</u> (Lead) - Settled
Los Angeles County Superior Court, Case No. BC520550
Nature of Case: Unfair Competition, Failure to Reimburse Business Expenses

<u>Tan v. Sutter Health</u>, (Co-Counsel) - Settled
Alameda County Superior Court, Case No. RG12622057
Nature of the Case: Unfair Business Practices, Failure to Pay Overtime, Provide Meal and Rest Breaks, Itemize Wage Statements, PAGA

<u>Tarango v Ajilon Communications</u> (Lead Associate) - Settled
Los Angeles Superior Court, Case No. BC423185
Nature of Case: Unfair Competition- Overtime, Meal and Rest Breaks

<u>Thomas v. Avis Budget</u>- Settled
United States District Court, Central District of California, Case No. CV 08-7397 AHM (AJWx)
Nature of Case: Unfair Competition- Overtime, Meal and Rest Breaks

<u>Trujillo v. Party City</u> (Associate) - Settled
Santa Clara Superior Court, Case No. 109CV149665
Nature of Case: Unfair Competition- Overtime, Meal and Rest Breaks

<u>Valenzuela v. Affiliated Computer Systems</u> (Lead) - Settled
Los Angeles Superior Court, Case No. BC431884
Nature of Case: Unfair Competition- Failure to Pay Wages When Due Through Debit Card

<u>Valles v. International Business Machines Corporation</u> (Lead Associate) - Settled
United States District Court, Central District of California, Case No. SACV 09–202 AG (MLGx).
Nature of Case: Unfair Competition- Misclassification

<u>Victorio v. Modis, Inc., et al</u>. (Lead) – Settled
United States District Court, Northern District of California Case No. 5:19-cv-01713-VKD
Nature of Case: Unfair Competition – FCRA violations.

<u>Viloria v. Stewart Title Company</u> (Co-Counsel) – Settled
Fresno Superior Court, Case No. 07 CE CG 01735 AMC
Nature of Case: Unfair Competition- Overtime, Meal and Rest Breaks

<u>Wright v. Home Depot</u> (Co-Counsel) – Settled
Orange County Superior Court, 20-2008-000548814
Nature of Case: Unfair Competition – Meal and Rest Breaks

<u>Yanez v. Care 1st Health Plan</u> (Lead Associate) – Settled
Los Angeles Superior Court, Case No. BC470122
Nature of Case: Unfair Competition – Unlawful disclosure of medical information

# Exhibit B

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 1

8-19-20 (ekl)

PLF

001

1

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
2
mark@potterhandy.com
3
James M. Treglio (SBN 228077)
jimt@potterhandy.com
4
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
5
(858) 375-7385
Fax: (888) 422-5191
6

7
Attorneys for Plaintiff BRIAN MILLER

8
### UNITED STATES DISTRICT COURT

9
### BY AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
BRIAN MILLER, an individual, on behalf of
himself and all persons similarly situated,
11

Plaintiff,
12

13
v.

14
RP On-Site, LLC, a Delaware Limited
Liability Company with its principal place of
15
business in California,,

16
Defendants.

17

Case No. 5:19-cv-02114

**NOTICE OF RULE 30(b)(6) DEPOSITION OF RP ON-SITE, LLC**

DATE: AUGUST 19, 2020
TIME: 10:00 A.M.

18
### TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

19
**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6), Notice is hereby given that the

20
deposition of Defendant RP On-Site, LLC ("RP On-Site"), a Delaware limited liability company,

21
shall be taken virtually by Plaintiff Brian Miller on August 19, 2020 at 10:00 a.m. via Zoom, or at

22
such other time and location as agreed upon by the parties, and shall continue from day to day

23
thereafter until completed.

24
Plaintiff shall examine RP On-Site with respect to the following:

25
    1. RP On-Site's policies, practices, and/or procedures it used or uses to generate

26
       consumer reports for its customers from April 19, 2017 through the present date;

27

28

2.   RP On-Site's policies, practices, and/or procedures of insuring that the information contained in its consumer reports based on public records are accurate, as required by 15 U.S.C. §1681e(b) from April 19, 2017 through the present date;

3.   the number of consumers for whom RP On-Site issued a consumer report stating that the consumer had one or more felony convictions from April 19, 2017 through the present date;

4.   RP On-Site's policies, practices, and procedures for excluding convictions which were subject to orders of expungement, dismissal, or set asides, from the consumer reports it generated from  from April 19, 2017 through the present date; and,

5.   RP On-Site's policies, practices, and procedures for the reporting of administrative charges issued by a state department of corrections from the consumer reports it generated from  from April 19, 2017 through the present date;

RP On-Site shall designate one or more officers, directors, or managing agents or persons who RP On-Site shall consent to testify on its behalf. Request is made for the designation of each such person and the particular matters on which each shall testify pursuant to Rule 30(b)(6).

NOTICE IS FURTHER GIVEN that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that we reserve the right to record the deposition either by stenographic means by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment. Both the court reporter and digital reporter are authorized to administer the oath and serve as the deposition officer in the State of California. Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of providing the oath/affirmation to the deponent and capturing the proceeding. We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be

1   available to all who are a party to this proceeding to request and receive it in real-time; (3) Exhibit

2   Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the

3   deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit

4   display process called Exhibit Share or a similar paperless virtual display platform. The parties are

5   advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the

6   deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition

7   officer for the purposes of exhibit stamping, and ultimate production of the final certified

8   transcript.

9          The Deposition will be stenographically and possibly video-tape recorded.

10          A list of all parties or attorneys for parties on whom this Notice of Deposition is being

11   served is shown on the accompanying Proof of Service.

12   Dated: August 7, 2020                    Respectfully,

13                                            POTTER HANDY LLP.

14

15                                            /s/ James M. Treglio

16                                      By:   James M. Treglio
17                                            Attorney for  Plaintiff Brian Miller

18

19

20

21

22

23

24

25

26

27

28

# OOF OF SERVICE

Miller v. RP On-Site, LLC, et al.
Case No. 5:19-cv-02114

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address 8033 Linda Vista Road, Suite 200, San Diego, CA 92111.

On August 7, 2020 I served the following document(s):

**NOTICE OF RULE 30(b)(6) DEPOSITION OF RP ON-SITE, LLC**

Addressed to:

JESSICA LOHR (SBN 302348)
**TROUTMAN SANDERS LLP**
11682 El Camino Real, Ste 400,
San Diego, CA 92130-2092
jessica.lohr@troutman.com

☐    <u>BY USPS MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐    <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☑    <u>BY OVERNITE EXPRESS:</u> I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐    <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all listed recipients via Ace Attorney Services.

☑    <u>BY ELECTRONIC MAIL TRANSMISSION:</u> I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

Executed on August 7, 2020 from San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

<u>/s/ James M. Treglio</u>
James M. Treglio

# Exhibit 2

1 | **TROUTMAN PEPPER HAMILTON SANDERS LLP**
2 | Ronald I. Raether, Bar No. 303118
Jessica R. Lohr, Bar No. 302348
3 | 5 Park Plaza, Suite 1400
Irvine, CA  92614
4 | Telephone:   949.622.2700
Facsimile:    949.622.2739
5 | ron.raether@troutman.com
jessica.lohr@troutman.com
6 |
Mary Kate Kamka, Bar No. 282911
7 | Three Embarcadero Center, Suite 800
San Francisco, CA 94111
8 | Telephone:   415.477.5751
Facsimile:    415.477.5710
9 | marykate.kamka@troutman.com

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
David M. Gettings, *pro hac vice*
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:   757.687.7747
Facsimile:    757.687.1545
david.gettings@troutmansanders.com



8-19-20 (ekl)

**PLF**

**002**

10 | *Attorneys for Defendant*
RP ON-SITE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN MILLER, an individual, on behalf of himself and all persons similarly situated,

Plaintiff,

v.

RP ON-SITE, LLC, a Delaware Limited Liability Company with its principal place of business in California,

Defendant.

Case No.  5:19-cv-02114

**DEFENDANT RP ON-SITE LLC'S OBJECTIONS TO PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION**

Date:       August 19, 2020
Time:       9:00 a.m.

1      Pursuant to Rules 26, and 30 of the Federal Rules of Civil Procedure, Defendant RP On-

2 Site LLC ("RP On-Site") submits the following objections to Plaintiff Brian Miller's ("Plaintiff")

3 Notice of Deposition ("Notice"), which is dated August 7, 2020.

4                                             **OBJECTIONS**

5      RP On-Site specifically objects to the deposition topics for RP On-Site's designated

6 person as follows:

7 **TOPIC 1:**

8      RP On-Site's policies, practices, and/or procedures it used or uses to generate consumer

9 reports for its customers from April 19, 2017 through the present date.

10 **RESPONSE TO TOPIC 1:**

11      On-Site objects to this Topic because it does not describe with reasonable particularity the

12 matters for examination, in violation of Rule 30(b)(6). A topic encompassing of all of On-Site's

13 "policies, practices, and/or procedures" to generate consumer reports from April 19, 2017 through

14 the present without any limitation does not identify the specific information being sought and, as

15 such, it would be extremely difficult to adequately prepare a 30(b)(6) witness on such a topic. On-

16 Site further objects to this Topic as being overly broad and, therefore, seeking irrelevant

17 information that is not proportional to the needs of the case. This Topic is overbroad in that it is

18 not limited to the policies, practices, and procedures used to generate Plaintiff's and putative class

19 members' screening reports that Plaintiff alleges violated the FCRA.

20      Based on these objections, On-Site will make a witness available to testify as to its

21 procedures for generating the On-Site screening reports at issue in this case.

22 **TOPIC 2:**

23      RP On-Site's policies, practices, and/or procedures of insuring that the information

24 contained in its consumer reports based on public records are accurate, as required by 15 U.S.C.

25 §1681e(b) from April 19, 2017 through the present date.

26 **RESPONSE TO TOPIC 2:**

27      On-Site objects to this Topic because it does not describe with reasonable particularity the

28 matters for examination, in violation of Rule 30(b)(6). A topic encompassing all of On-Site's

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

RP ON-SITE LLC'S OBJECTIONS TO PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION

"policies, practices, and/or procedures" to ensure compliance with 15 U.S.C. § 1681e(b) from April 19, 2017 through the present without any limitation does not identify the specific information being sought and, as such, it would be extremely difficult to adequately prepare a 30(b)(6) witness on such a topic. On-Site further objects to this Topic as being overly broad and, therefore, seeking irrelevant information that is not proportional to the needs of the case. This Topic is overbroad in that it is not limited to the practices, policies, and procedures used to generate Plaintiff's and putative class members' screening reports that Plaintiff alleges violated the FCRA.

Based on these objections, On-Site will make a witness available to testify as to its procedures for ensuring the accuracy of its reporting of criminal records in consumer reports that have been expunged or set aside.  On-Site's witness will also be available to testify as to its procedures for reporting administrative actions in consumer reports.

**TOPIC 3:**

The number of consumers for whom RP On-Site issued a consumer report stating that the consumer had one or more felony convictions from April 19, 2017 through the present date.

**RESPONSE TO TOPIC 3:**

On-Site objects to this Topic as being overly broad and, therefore, seeking information that is not proportional to the needs of the case. This Topic is overbroad in that it is not limited to Plaintiff's and putative class members' screening reports that Plaintiff alleges violated the FCRA. Instead, the Topic broadly requests information relating to all consumers for whom RP On-Site issued a consumer report that contained one or more felony convictions during the stated time period.  On-Site objects to this Topic on the grounds that it is premature and irrelevant to the claims and defenses as they currently exist because Plaintiffs' alleged classes do not include all consumers on whose consumer report On-Site reported a felony conviction.

Based on these objections, and in an attempt to compromise, On-Site will make a witness available to testify regarding the number of consumer reports generated between April 19, 2017 and June 7, 2020 (the date Plaintiff originally requested this data) that contain one or more felony convictions.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**TOPIC 4:**

RP On-Site's policies, practices, and procedures for excluding convictions which were subject to orders of expungement, dismissal, or set asides, from the consumer reports it generated from April 19, 2017 through the present date.

**RESPONSE TO TOPIC 4:**

On-Site will make a witness available to testify as to its procedures for excluding certain criminal records in the On-Site screening reports at issue in this case.

**TOPIC 5:**

RP On-Site's policies, practices, and procedures for the reporting of administrative charges issued by a state department of corrections from the consumer reports it generated from April 19, 2017 through the present date.

**RESPONSE TO TOPIC 5:**

On-Site will make a witness available to testify as to its procedures for including the types of criminal records at issue in this case in the On-Site screening reports at issue in this case.

Dated:        August 14, 2020

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: _____

Ronald I. Raether
Jessica Lohr
David M. Gettings, *pro hac vice*

*Attorneys for Defendant*
RP ON-SITE LLC

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

RP ON-SITE LLC'S OBJECTIONS TO PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1

## PROOF OF SERVICE

2

3       I, Kaila Scofield, I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is Three Embarcadero Center, Suite 800, San Francisco, CA 94111.

4

5       On August 14, 2020, I served the document(s) described as:

6
       **DEFENDANT RP ON-SITE LLC'S OBJECTIONS TO PLAINTIFF'S 30(b)(6)
7      NOTICE OF DEPOSITION**

8       *on the interested parties in this action, using the below method of service:*

9    Mark Dee Potter                          *Attorneys for Plaintiff*
     Center for Disability Access              Brian Miller
10   9845 Erma Road, Suite 300
     San Diego, CA 92131-1084
11   (858) 375-7385 / Fax: 888-422-5191
     mark@potterhandy.com
12

13   James Michael Treglio
     POTTER HANDY, LLP
14   9845 Erma Road, Suite 300
     San Diego, CA 92131
15   (858) 375-7385 / Fax: (888) 422-5191
     jtreglio@tregliolaw.com
16

17   | ☒ | **BY ELECTRONIC MAIL**: I caused a true and correct scanned image (PDF) copy to be transmitted via the electronic mail transfer system to the mail addresses listed above. |
18   |---|---|

19

20       I declare under penalty of perjury that the foregoing is true and correct.  Executed on

21   August 14, 2020, at San Francisco, California.

22
                                              _____
23                                            Kaila Scofield

24

25

26

27

28

# Exhibit 4

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 5

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 6

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 7

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 8

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 9

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 10

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5

# Exhibit 11

# EXHIBIT FILED UNDER SEAL PURSUANT TO L.R. 79-5