UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>RP ON-SITE, LLC,<br><br>    Defendant. | Case No. 19-CV-02114-LHK<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 53, 55, 56 |

Before the Court are the parties' administrative motions to file under seal filed in connection with Plaintiff's motion for class certification. Specifically, Plaintiff moves to file under seal the deposition transcript of Defendant's corporate designee and exhibits to that deposition. ECF No. 53 ("Plaintiff's sealing motion"). Defendant moves to file under seal parts of its opposition to Plaintiff's motion for class certification, ECF No. 55, and parts of Plaintiff's motion for class certification, ECF No. 56 (together, "Defendant's sealing motion"). For the following reasons, the Court DENIES the parties sealing motions without prejudice.

**I.      LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of*

1

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, a "strong presumption in favor of access is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In the Ninth Circuit, documents that are more than "tangentially related . . . to the underlying cause of action" are not sealable unless the Court agrees that "compelling reasons" exist to overcome the presumption of access. *See id.* at 1179.

Here, the documents that the parties seek to seal are related to a motion for class certification. "A class certification motion 'generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action,' which require a district court to engage in a 'rigorous analysis' that 'entail[s] some overlap with the merits of the plaintiff's underlying claims.'" *McCurley v. Royal Seas Cruises, Inc.*, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 352 (2011)). Indeed, most district courts to consider the question have found that motions for class certification are "more than tangentially related to the underlying cause of action" and therefore apply the "compelling reasons" standard. *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (collecting cases). Accordingly, the compelling reasons standard applies to the parties' sealing motions. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (applying compelling reasons standard).

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or

2
Case No. 19-CV-07670-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL WITHOUT PREJUDICE

otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

## II.     DISCUSSION

The Court now turns to the merits of the instant sealing motions. In short, the motions violate Civil Local Rule 79-5 and apply the wrong legal standard for sealing. The Court addresses Defendant's sealing motion and Plaintiff's sealing motion in turn.

Defendant moves to seal information that may cause Defendant competitive harm if disclosed. Specifically, Defendant moves to seal certain (1) lines from its opposition to class certification; (2) paragraphs in its declaration in support of that opposition; and (3) lines and exhibits in Plaintiff's motion for class certification. ECF No. 55 at 2; ECF No. 56 at 2. By designating specific lines for sealing and not adopting Plaintiff's requests for sealing wholesale, Defendant's sealing motion makes an effort to narrowly tailor sealing requests. However, Defendant's sealing motion violates Civil Local Rule 79-5 in three important ways:

- 1) Civil Local Rule 79-5(d)(1)(A) requires that the moving party to file a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Moreover, where Plaintiff seeks to file documents designated by Defendant as confidential under a protective order, Defendant must file a declaration pursuant to Civil L.R. 79-5(e). Here, Defendant has failed to file any declaration supporting Defendant's own sealing motion, ECF No. 55, or supporting Plaintiff's request to seal certain documents designated by Defendant as confidential under a protective order, ECF No. 56.

- 2) Civil Local Rule 79-5(d)(1)(B) requires the moving party to file a "proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Here, Defendant has failed to "list[] in table format each document or portion thereof that is sought to be sealed." *See*

ECF No. 55-3 (proposed order).

- 3) Civil Local Rule 79-5(d)(1)(D) requires that the unredacted version of the document to be sealed "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Here, Defendant has failed to highlight redactions. As a result, the Court would only be able to determine what material is contended to be sealable by cross-referencing redacted exhibits with unredacted exhibits. Such a procedure creates an unreasonable burden on the Court.

As for the legal standard for sealing, Defendant erroneously states that the "good cause" standard for sealing applies. ECF No. 55 at 3. This Court, like most district courts, applies the "compelling reasons" standard for sealing to documents related to a motion for class certification. *See, e.g.*, *Hadley*, 2018 WL 7814785, at *2 (collecting cases).

Next, Plaintiff's sealing motion makes many of the same mistakes as Defendant's sealing motion. Plaintiff also fails to file a proposed order that complies with Civil Local Rule 79-5(d)(1)(B). ECF No. 53-1 (proposed order). Plaintiff also erroneously applies the "good cause" standard for sealing. *Id.*

In addition, Plaintiff's sealing requests are overbroad and lack support. Plaintiff moves to seal, in their entirety, 10 of 11 exhibits to the deposition of Defendant's corporate designee. Plaintiff supports his sealing motion with the declaration of Plaintiff's counsel. Yet the declaration offers the same conclusory boilerplate assertion for sealing each exhibit: that the exhibit contains "confidential private information." Treglio Decl., ECF No. 53. Plaintiff's counsel makes this assertion even for documents that plainly do not contain "confidential private information," such as Plaintiff's notice of Rule 30(b)(6) deposition served on Defendant.

Accordingly, the Court DENIES Plaintiff's sealing motion and Defendant's sealing motion without prejudice. By December 11, 2020, each party shall file a renewed sealing motion (or a joint sealing motion) that complies with Civil Local Rule 79-5 and applies the "compelling reasons" standard to narrowly tailored sealing requests. *See generally Hadley*, 2018 WL 7814785, at *2–3 (applying compelling reasons standard). The Court warns that "[i]f a sealing request is properly narrowly tailored, it will be relatively rare that an entire document will be sealable." *Id.* at *3.

**IT IS SO ORDERED.**

Dated: November 25, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge