UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN MILLER,<br><br>                    Plaintiff,<br><br>              v.<br><br>RP ON-SITE, LLC,<br><br>                    Defendant. | Case No. 19-CV-02114-LHK<br><br>**ORDER GRANTING DEFENDANT'S RENEWED ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 68 |

Before the Court is Defendant's renewed administrative motion to seal portions of the parties' class certification briefing. ECF No. 68. Specifically, Defendant moves to file under seal parts of its opposition to Plaintiff's motion for class certification, ECF No. 55, and parts of Plaintiff's motion for class certification, ECF No. 53. For the following reasons, the Court GRANTS Defendant's renewed motion.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, a "strong presumption in

favor of access is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In the Ninth Circuit, documents that are more than "tangentially related . . . to the underlying cause of action" are not sealable unless the Court agrees that "compelling reasons" exist to overcome the presumption of access. *See id.* at 1179.

Here, the documents that the parties seek to seal are related to a motion for class certification. "A class certification motion 'generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action,' which require a district court to engage in a 'rigorous analysis' that 'entail[s] some overlap with the merits of the plaintiff's underlying claims.'" *McCurley v. Royal Seas Cruises, Inc.*, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 352 (2011)). Indeed, most district courts to consider the question have found that motions for class certification are "more than tangentially related to the underlying cause of action" and therefore apply the "compelling reasons" standard. *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (collecting cases). Accordingly, the compelling reasons standard applies to the parties' sealing motions. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (applying compelling reasons standard).

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

## II.   DISCUSSION

On November 25, 2020, the Court denied Defendant's first sealing motion (ECF No. 55) without prejudice. ECF No. 66. The Court held that the motion "violate[d] Civil Local Rule 79-5 and appl[ied] the wrong legal standard for sealing." *Id.* at. 3. Accordingly, the Court ordered the parties to file a renewed sealing motion by December 11, 2020 "that complies with Civil Local Rule 79-6 and applies the 'compelling reasons' standard." *Id.* at 4. Even so, the Court approvingly found that "Defendant's sealing motion ma[de] an effort to narrowly tailor sealing requests." *Id.* at 3.

On December 11, 2020, Defendant filed the instant renewed administrative motion to seal portions of the parties' class certification briefing.[1] ECF No. 68 ("renewed motion" or "Mot."). The renewed motion cures the defects identified in the Court's November 25, 2020 Order. ECF No. 66 at 3–4 (identifying defects). Specifically, the renewed motion: (1) applies the compelling reasons standard; (2) attaches a declaration establishing that the documents sought to be filed under seal are sealable; (3) attaches a proposed order that lists sealable material in table format; and (4) attaches unredacted versions of documents that highlight what Defendant seeks to seal. *See* Mot. at 3–4; ECF No. 68-1 (declaration); ECF No. 68-2 (proposed order); ECF No. 68-7 to 68-10 (highlighted documents).

Defendant's declarant, Senior Director of Product Management Manjit Sohal, avers that

---

[1] Plaintiff has failed to file a renewed sealing motion by the December 11, 2020 deadline. Thus, Plaintiff has waived any request he may have to seal the class certification briefing.

3
Case No. 19-CV-02114-LHK
ORDER GRANTING DEFENDANT'S RENEWED ADMINISTRATIVE MOTION TO SEAL

Defendant seeks to seal proprietary information that "provide[s] [Defendant] with a competitive advantage in the marketplace over its competitors." Sohal Decl. ¶ 6, ECF No. 68-1. Senior Director Sohal further avers that "[i]f that proprietary information were released, [Defendant] could face a disadvantage against its competitors. Releasing the information would also provide that information to competitors without them having to bear the same costs that [Defendant] has incurred." *Id.* ¶ 7.

As the Ninth Circuit has explained, "business information that might harm a litigant's competitive standing [if disclosed]" meets the compelling reasons standard for sealing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598) (granting writ of mandamus and ordering district court to seal documents); *see also, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) (sealing information on same grounds). Here too, Defendant seeks to seal business information that might harm Defendant's competitive standing if disclosed. Thus, as set forth in the table below, the Court GRANTS Defendant's renewed motion.

| Motion to Seal | Standard | Document | Portions |
|---|---|---|---|
| Trade Secrets | Compelling Reason | Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification (ECF No. 53-4) | 3:14-4:21; 7:9-12; 7:17-18; 7:27-8:5; 11:19-20. |
| Trade Secrets | Compelling Reason | Declaration of James M. Treglio, Esq., in Support of Plaintiff's Motion for Class Certification and Appointment of Class Counsel ("Treglio Declaration"; ECF No. 53-2) | Exhibit B (23:2-24:5; 25:10-16; 28:6-30:5; 30:22-31:8; 33:12-21; 35:4-18; 36:1-10; 42:1-43:18; 43:23-48:22; 50:9-14; 51:21-52:9; 53:3-54:25; 59:8-21; 62:3-11;  65:2 - 68:1; 69:2-4; 72:17-23; 73:7-75:20; 76:7-20;  77:4-78:23; 83:21-89:25; 92:11-93:18; 94:2-99:9; 102:19-103:1; 103:11-104:21; 105:1-106:3; 107:23-108:18; 109:1-19; 111:4-113:2; 113:18-119:8); Exhibit 6; Exhibit 7; and Exhibit 11. |

| Trade Secrets | Compelling Reason | Declaration of Manjit Sohal in Support of RP On-Site, LLC Memorandum in Opposition to Plaintiff's Motion for Class Certification (ECF No. 55-7) | ¶ 9-11; ¶ 13-15; ¶ 17-18; ¶ 20-23; ¶ 31; ¶ 36-37. |
|---|---|---|---|
| Trade Secrets | Compelling Reason | RP On-Site, LLC Memorandum in Opposition to Plaintiff's Motion for Class Certification (ECF No. 55-6) | 2:23-25; 3:1-7; 3:9-20; 3:24-4:20; p. 4, Fn. 2; 5:18-19; 6:2-8; 13:26-14:2; 14:3-5; 19:6-8; 19:16-18; 19:19-20; 21:6-10; 24:21-23. |

**IT IS SO ORDERED.**

Dated: January 8, 2021

*Lucy H. Koh*

LUCY H. KOH
United States District Judge